In the Matter of STEPHEN J. WEBBER, Petitioner, against THOMAS J. TUNNEY et al., Constituting the Board of Police Commissioners of the Port Washington Police District, Respondents.

Supreme Court, Special Term, Nassau County, December 8, 1945.

*Herman J. McCarthy* and *Charles F. McGrath* for petitioner.

*Albert E. Gunn* for respondents.

Cuff, J. Petitioner, Chief of Police of the Port Washington, Nassau County, Police District, seeks to compel the Police Commissioners of that Police District, who suspended him without pay as of September 5, 1945, to reinstate him to his position and to restore his name to the payroll of the district commencing October 4, 1945, for the reason that a suspension without pay of a classified civil service employee for more than thirty days is illegal and contrary to section 22 of the Civil Service Law.

Petitioner enjoyed civil service status (L. 1939, ch. 273, § 313.0) and could therefore only " be suspended without pay for a period not exceeding thirty days." (Civil Service Law, § 22, subd. 2.) Respondents suspended petitioner " until further notice without pay." His separation was effected September 5, 1945, and at the time of commencing this proceeding (November 21, 1945), it had continued without pay for seventy-seven days.

The contention of respondents that an inherent right to suspend petitioner without pay reposed in them because of their right to remove him (after sustained charges) must be overruled. Likewise, their claim that chapter 834 of the Laws of 1940 alone applies to petitioner's case and that, therefore, the general Civil Service Law (§ 22) is without effect as to this controversy, is held to be lacking in merit. There is no evidence to support respondents' contention that by stipulation or written agreement petitioner waived his rights under the statute in question. Nor may a waiver be spelled out of his course of conduct. Statutory rights and certain personal constitutional benefits may in an orderly manner be waived (*Matter of Culli-*

*nan* [*Micha Certificate*], 76 App. Div. 362), but the evidence here establishes the fact this petitioner never knew of the thirty-day suspension limitation at the time respondents assert his actions worked a waiver. If the respondents knew of that restriction in the law, they never revealed it to petitioner. Waiver of such rights and benefits may not rest upon mistake or ignorance; certainly its devastating effect will not be invoked when there was concealment on the part of the one claiming the waiver.

The proceeding is properly grounded. The respondents had no authority to suspend petitioner without pay for longer than thirty days from September 5, 1945. He will be reinstated as of October 4, 1945, to his position, restored to the payroll commencing that date, and will receive his pay at once for the period October 5th to the regular payday of the department next preceding the date of the entry of the order herein.

Application granted, with costs.